# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **Kenneth F. Ray, #275881,** ) | Case No. 2:16-cv-67-HMH-MGB |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **James Scurry,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

Plaintiff Kenneth F. Ray Michael is a state prisoner incarcerated at Turbeville Correctional Institution in South Carolina. He filed this civil action *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2) (D.S.C.), the assigned Magistrate Judge is authorized to submit findings and recommendations to the District Judge. After careful review, the Magistrate Judge recommends that the Plaintiff's Amended Complaint be **dismissed**, without prejudice and without issuance and service of process, for the following reasons:

**I. Standard of Review**

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Prison Litigation Reform Act ("PLRA") permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.

28 U.S.C. § 1915(a)(1). To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time." *Neitzke*, 490 U.S. at 319. The PLRA also provides for the screening of complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

With respect to a failure to state a claim, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* complaints does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir.2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely

presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs. for City of Baltimore,* 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## II. Background

In his Amended Complaint, Plaintiff alleges that on December 25, 2014, he was watching his television in his cell during lock-down. (DE# 9, ¶ IV "Statement of Claim"). He indicates that his cellmate ("Douglas") bent over to put his shoes under the bed. Plaintiff alleges that he put his hand on his cellmate and told him not to "disrespect me by putting his butt in my face." An altercation ensued, and Plaintiff alleges that Douglas became violent and attempted to stab him with a pen. Plaintiff says he got his cellmate in a "full Nelson" and held him off the floor. Officer Scurry responded and called for back-up. According to Plaintiff, Officer Scurry then opened the cell door and ordered Plaintiff to put Douglas down and come out of the cell. Plaintiff indicates he complied. Plaintiff alleges that he asked Officer Scurry if he could lock his television in a locker for safekeeping, but that Officer Scurry refused permission at that time. According to Plaintiff, he asked Officer Scurry to lock up the television for him, and Officer Scurry said he would. Plaintiff complains that his television was "left with Douglas." Apparently, the television was damaged. Plaintiff seeks to hold Officer Scurry liable for alleged "negligence" in leaving the television with Douglas.

Plaintiff indicates he filed a grievance on January 2, 2015 (Grievance No. TCI-0001-15), although he did not attach a copy of such grievance to his Amended Complaint. (DE# 1, ¶II. D).

On his Amended Complaint, Plaintiff checked "yes" for the question "Have you received a final agency/departmental answer," but did not attach a copy of the decision. (*Id*.). Plaintiff indicates he then filed suit on June 25, 2015 in the Administrative Law Court, and that Administrative Law Judge Durden dismissed the case with prejudice on October 15, 2015. (*Id*., ¶¶ B, G, citing Administrative Law Court Docket Nos. 15-ALJ-04-0539-AP, 15-ALJ-04-0273-AP). Plaintiff does not indicate that he appealed to the South Carolina Court of Appeals.

In federal court, Plaintiff filed the present action on January 7, 2016, against Correctional Officer James Scurry and the South Carolina Department of Corrections ("SCDC"). In his Amended Complaint, Plaintiff indicates in his own words that he is suing Officer Scurry because he wants "to be paid for my TV that was left with inmate Douglas" who apparently damaged it. (DE# 9, ¶ II.B). Subsequently, Plaintiff indicated "I have not sued the South Carolina Department of Corrections, I'm only suing an officer, James Scurry." (DE# 17, Notice of 5/31/2016). For relief, Plaintiff seeks reimbursement of $287.00 for the cost of the television or alternatively, seek a replacement television from the canteen. Although Plaintiff is proceeding *in forma pauperis*, he also asks for the full filing fee in this action.

### III.  Discussion

Although Plaintiff does not refer to any source of law in his Amended Complaint, this civil action is liberally construed as a civil rights action. To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). However, even when given the benefit of liberal construction, the Amended Complaint fails to state a plausible claim for relief.

Plaintiff's Amended Complaint consists largely of a paragraph on a pre-printed form and does not identify any federal statute or constitutional right that has allegedly been violated. It is well-settled that the court does not act as inmate's advocate and should not *sua sponte* develop statutory and constitutional claims not clearly raised in a complaint. *Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir.1997) (Luttig, J., concurring), *cert. denied*, 522 U.S. 924 (1997); *Gordon*, 574 F.2d at 1151. While a complaint need not expressly invoke 42 U.S.C. § 1983 as the legal theory for a claim, the United States Supreme Court has repeatedly emphasized that a complaint "must plead facts sufficient to show that h[is] claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S.Ct. 346 (2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

### A. Alleged Deprivation of Personal Property

Here, Plaintiff sues a correctional officer for alleged "negligence" after the correctional officer did not put the Plaintiff's television in a locker, thereby giving a vindictive cellmate the opportunity to intentionally damage the Plaintiff's television. Liberally construed, Plaintiff complains of negligence resulting in damage to his personal property.

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, the constitutional "due process" guarantee is not implicated by the negligent act of a government official causing unintended loss of, or injury to, life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327, 335–36 n.3 (1986); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995). In other words, a claim of negligence is not actionable under 42 U.S.C. § 1983. *Daniels*, 474 U.S. at 335; *and see e.g., Smith v. McCall*, Case No. 1:13–02601–JMC-SVH, 2013 WL 5797709, *2 (D.S.C. Oct. 28, 2013). Thus, to the extent Plaintiff is bringing a negligence claim

for alleged damage to his personal property, such claim fails to state a claim of a constitutional violation of due process for purposes of § 1983.

Furthermore, an intentional deprivation of property by a state employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517, 536 (1984). In South Carolina, a prisoner may bring an action for recovery of personal property against an official who deprives him of property without state authorization. See S.C. Code Ann. § 15-69-10; *Bogart v. Chapell*, 396 F.3d 548, 561–63 (4th Cir. 2005) (holding that South Carolina provides a meaningful post-deprivation remedy for alleged property loss); *McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (same). Such state law has been held to provide "a post-deprivation remedy sufficient to satisfy due process requirements." *Bogart*, 396 F.3d at 561 (citing *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)).

Plaintiff had an adequate state remedy available to address the alleged deprivation of his personal property. The fact that Plaintiff was unsuccessful in pursuing such remedy does not mean that he can ignore the Administrative Law Court's final decision on his claim, bypass the normal route of appeal in state court, and then refile the same claim in federal court. Even liberally construed, Plaintiff's claim for monetary damages against Officer Scurry for alleged "negligent" deprivation of personal property should be summarily dismissed for failure to state a claim for relief.

### B. Defendant in Official Capacity is Entitled to 11th Amendment Immunity

Additionally, Plaintiff does not indicate whether he is suing in Officer Scurry in his official or individual capacity. To the extent Plaintiff seeks monetary damages from a correctional officer in his official capacity, such Defendant is immune from such relief under the

Eleventh Amendment of the United States Constitution. Sovereign immunity protects the State itself, as well as its agencies, divisions, departments, officials, and other "arms of the State." *Will v. Michigan Department of State Police*, 491 U.S. 58, 70-71 (1989) (explaining that a suit against a state official in his official capacity is "no different from a suit against the State itself"); *see also, e.g., Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir.1996); *Jones v. SCDC*, Case No. 5:12–cv–03554–RBH-KDW, 2013 WL 3880175, *4 (D.S.C. July 26, 2013); *Ransom v. Lawrence*, Case No. 6:12–3141–JFA–KFM, 2013 WL 4523588, *4 (D.S.C. Aug. 26, 2013) ("The defendants are all employees of the SCDC and thus are not subject to suit under § 1983 when sued in their official capacities"). Although Plaintiff sues the Defendant for monetary damages, the Defendant in his official capacity is immune from suit. To the extent that Plaintiff "seeks monetary relief against a defendant who is immune from such relief," this case is subject to summary dismissal for this additional enumerated reason. See 28 U.S.C. §1915(e)(2)(B).

**IV.   Recommendation**

Accordingly, the Magistrate Judge recommends that the Amended Complaint (DE#9) should be **summarily dismissed** without prejudice.

**IT IS SO RECOMMENDED.**

July 12, 2016
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

Petitioner's attention is directed to the *important notice* on the following page

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).